UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KEVIN JONES,

    Plaintiff,

v.

CASE RECORDS AT SALINAS VALLEY STATE PRISON, et al.,

    Defendants.

Case No. 22-cv-01700-JSC

**ORDER OF DISMISSAL**

## INTRODUCTION

Plaintiff, a California prisoner proceeding without representation by an attorney, filed this civil rights complaint under 42 U.S.C. § 1983 against the Warden at Salinas Valley State Prison ("SVSP").[1] He also names as Defendants two departments within SVSP: the Case Records Department and the Litigation Department. Plaintiff's application to proceed *in forma pauperis* is granted in a separate order. For the reasons explained below, the complaint is DISMISSED for failure to state a claim upon which relief can be granted.

## STANDARD OF REVIEW

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.*

---

[1] Plaintiff's declination to proceed before a United States Magistrate Judge (ECF No. 4) does not require reassignment because the undersigned judge, while a Magistrate Judge when Plaintiff filed this action, has since been sworn as a United States District Judge.

§ 1915A(b). Pleadings filed by parties without representation by an attorney must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**LEGAL CLAIMS**

Plaintiff makes the following allegations in his Complaint:

His conviction was reversed by the California Court of Appeals on November 23, 2019. On March 4, 2020, a counselor at SVSP (who is not a Defendant) told Plaintiff that an official from the Los Angeles County District Attorney's Office called to say that Plaintiff would not be re-tried and would be released from custody the next day. Based upon that information, Plaintiff left some personal property with another inmate and a tablet with prison officials. He arranged for his property, which included evidence of police misconduct, to be mailed to him after his release from prison. Meanwhile, unbeknownst to Plaintiff, an official in the SVSP Case Records Department had been informed by an official in the Los Angeles County District Attorney's Office that Plaintiff would not be released, but instead would be taken to county jail for a remittitur hearing in the superior court. The next day, the Los Angeles County Sherriff transported him to

United States District Court
Northern District of California

county jail. He was subsequently re-arraigned based upon amended charges to which he pled no contest. The trial court re-sentenced him on November 23, 2020, and he went to High Desert State Prison.[2] Plaintiff alleges that Defendants conspired with staff at the Los Angeles County District Attorney's Office to falsely tell him that he would be released to induce him to leave his personal property at SVSP. Plaintiff alleges that he still has not received the property, more than two years later.

Plaintiff claims that the Defendants --- the SVSP Warden, the SVSP Case Records Department and the SVSP Litigation Department --- used "subterfuge" to violate a "state-created liberty interest." (ECF No. 1 at 11.) Plaintiff does not allege any deprivation of his liberty by Defendants, however. Rather, he alleges that Defendants tricked him into giving up his *property*. It was officials in the District Attorney's Office and the state court judge, not Defendants, who allegedly caused him to remain in custody past March 5, 2020, by continuing to prosecute him on amended charges and resentencing him. While Plaintiff also alleges that officials at High Desert State Prison delayed his release date based on his prison record after re-sentencing, those officials are not Defendants.

To be sure, there are due process protections against the deprivation of property, and ordinarily, due process of law requires notice and an opportunity for some kind of hearing prior to the deprivation of a significant property interest. *Memphis Light, Gas & Water Div. v. Craft*, 436 U.S. 1, 19 (1978). However, neither the negligent nor intentional deprivation of property states a due process claim under § 1983 if the deprivation was random and unauthorized. *Parratt v. Taylor*, 451 U.S. 527, 535-44 (1981) (state employee negligently lost prisoner's hobby kit), *overruled in part on other grounds*, *Daniels v. Williams*, 474 U.S. 327, 330-31 (1986); *Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (intentional destruction of inmate's property). The availability of an adequate state post-deprivation remedy, e.g., a state tort action, precludes relief because it provides sufficient procedural due process. *Zinermon v. Burch*, 494 U.S. 113, 128 (1990) (where state cannot foresee, and therefore provide meaningful hearing prior to, deprivation, statutory

---

[2] The address for Plaintiff on the Complaint is the Shasta County Jail, but Plaintiff does not explain why or when he moved there.

3

1 provision for post-deprivation hearing or common law tort remedy for erroneous deprivation
2 satisfies due process). California law provides such an adequate post-deprivation remedy. *Barnett*
3 *v. Centoni*, 31 F.3d 813, 816-17 (9th Cir. 1994) (citing Cal. Gov't Code §§ 810-895). Here,
4 Plaintiff alleges that Defendants intentionally deprived him of his personal property via
5 subterfuge, i.e. not by any procedure authorized by state law. Because California provides an
6 adequate remedy for his loss of that property, Defendants did not violate Plaintiff's due process
7 rights, even if Plaintiff's allegations are true. Accordingly, Plaintiff's allegations do not state a
8 claim upon which relief can be granted against Defendants.[3]

9 District courts generally afford pro se prisoner litigants an opportunity to amend to correct
10 deficiencies in their complaints. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en
11 banc). Leave to amend should not be granted, however, where the amendment of the complaint
12 would constitute an exercise in futility. *Janicki Logging Co. v. Mateer*, 42 F.3d 561, 566 (9th Cir.
13 1994). Amending the complaint here would be futile because California's post-deprivation
14 remedy precludes a viable claim for the loss of Plaintiff's personal property.

15 As for his claim about delaying his release date, Plaintiff's allegations reveal that it was the
16 prosecutor and state judge who decided to re-arraign and re-sentence him. Amendment of the
17 complaint to bring his claims against these officials would be futile because they are immune from
18 suit under Section 1983 for their prosecutorial and sentencing decisions. *See Imbler v. Pachtman*,
19 424 U.S. 409, 430-31 (1976) (state prosecuting attorney enjoys absolute immunity from liability
20 under 42 U.S.C. § 1983 for actions "intimately associated with the judicial phase of the criminal
21 process" in pursuing a criminal prosecution as an advocate for the State); *Pierson v. Ray*, 386 U.S.
22 547, 553-55 (1967) (applying judicial immunity to actions under 42 U.S.C. § 1983 (a state judge is
23 absolutely immune from civil liability for damages for acts performed in his judicial capacity).

24 Any claims against officials at High Desert State Prison for delaying his release date must

---

[3] The Court is aware that the SVSP Litigation and Case Records Departments are not themselves independent entities that can be sued. Even if Plaintiff had named the California Department of Corrections and Rehabilitation, or individual officials who work in those departments, as Defendants, such claims would have to be dismissed for failure to state a viable claim for the violation of his right to due process.

be brought in the United States District Court for the Eastern District of California, not in this Court, because the Eastern District is the proper venue for claims arising in Lassen County, where High Desert State Prison is located.  *See* 28 U.S.C. § 84; *see also* 28 U.S.C. § 1391(b) (when jurisdiction is not founded on diversity, venue is proper in the district in which (1) any defendant resides, if all of the defendants reside in the same state, (2) the district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought).  Accordingly, leave to amend to add claims against the officials at High Desert State Prison will not be granted.

## CONCLUSION

For the reasons discussed above, this case is DISMISSED for failure to state a claim upon which relief may be granted without leave to amend.

The Clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated: April 18, 2022

JACQUELINE SCOTT CORLEY
United States District Judge